IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JACKSON NATIONAL LIFE INSURANCE COMPANY,

    Plaintiff,

v.                                       Civil Action No. 5:17CV78
                                                        (STAMP)
PATRICIA A. BAKER and JESSICA E. BAKER,
Individually and as Administratrix of
the ESTATE OF FRANK J. BAKER, JR.,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION FOR INTERPLEADER DEPOSIT,
DIRECTING PAYMENT OF FUNDS INTO THE COURT REGISTRY,
DENYING PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES,
ENJOINING DEFENDANTS FROM INSTITUTING ANY
FURTHER ACTION AGAINST PLAINTIFF IN THIS ACTION,
AND DISMISSING PLAINTIFF WITH PREJUDICE**

I.    Background

This claim concerns the entitlement to life insurance policy proceeds payable as a result of the death of Frank J. Baker, Jr. The plaintiff, Jackson National Life Insurance Company ("Jackson"), originally filed this complaint (ECF No. 1) for interpleader pursuant to 28 U.S.C. § 1335 and Rule 22 of the Federal Rules of Civil Procedure seeking to have defendants, through the appointed Administratrix, Jessica E. Baker, interplead their claims to the proceeds due under a certain life insurance policy held by Jackson in the amount of $250,000.00 (and $32.80 in return of premium), and under which the decedent, Frank J. Baker, Jr., was the insured.

Jackson then filed a motion for interpleader deposit. ECF No. 16. Jackson states that it "is a disinterested stakeholder" and "takes no position with regard to the viability of any potential

claimant's right to the proceeds of the Policy, and has no interest in the Insurance Proceeds other than for its attorneys' fees, costs and expenses." ECF No. 1 at 7. Jackson "has not refused to pay the Insurance Proceeds under the Policy but, rather, admits that the Insurance Proceeds are payable under the Policy and that it has not paid the Insurance Proceeds due to a reasonable, good faith fear of exposure to multiple liability or multiple litigation over the Insurance Proceeds." ECF No. 1 at 7.

Jackson requests that the Court: (1) require and direct defendants Patricia A. Baker, Jessica E. Baker, individually, and the Estate of Frank J. Baker, Jr., by and through its duly appointed Administratrix, Jessica E. Baker to interplead and resolve among themselves, and without further involvement by Jackson, any claim or right which they may have or wish to assert to recover the subject life insurance proceeds which are now due and payable; (2) permit and direct Jackson to deposit with the Registry of the Court such interpleader funds that are the subject of this dispute; (3) award Jackson its reasonable costs and fees in instituting and perfecting its interpleader claim; (4) dismiss Jackson from this lawsuit with prejudice and discharging Jackson from any and all liability in connection with, arising out of, or relating to this lawsuit, the subject life insurance proceeds, or the subject life insurance policy, upon Jackson's deposit of the interpleader funds into the Court's Registry; and (5) enter permanent injunctive relief enjoining the initiation or prosecution

of any further proceedings against Jackson regarding the insurance proceeds or the life insurance policy that is the subject of this action. ECF No. 16 at 1-2.

Defendant Patricia A. Baker filed an answer (ECF No. 3) to the plaintiff's complaint and requested the Court find that defendant Patricia A. Baker is solely entitled to the receive the insurance proceeds from the plaintiff, and further asserted an affirmative claim to the insurance proceeds which was docketed and construed as a counterclaim for insurance proceeds against Jackson.

Jackson filed an answer (ECF No. 7) to defendant Patricia A. Baker's counterclaim and asserted several affirmative defenses.

Defendants Jessica E. Baker and the Estate of Frank J. Baker, Jr., then filed an answer to plaintiff's complaint, answer to defendant Patricia A. Baker's affirmative claim to the insurance proceeds, and an affirmative claim to the insurance proceeds. ECF No. 8. Defendants Jessica E. Baker and the Estate of Frank J. Baker, Jr. request that the Court enter an order specifically enforcing the terms of the Property Settlement Agreement and ordering plaintiff Jackson National Life Insurance Company to pay the policy proceeds to defendants Jessica E. Baker and the Estate of Frank J. Baker, Jr. in equal parts. ECF No. 8. Defendants further request that judgment be entered in favor of said defendants and against defendant Patricia A. Baker and that defendants Jessica E. Baker and the Estate of Frank J. Baker, Jr. be awarded their reasonable costs and attorneys' fees, as well as

any other relief the Court deems just, equitable, and proper. ECF No. 8.

Defendant Patricia A. Baker then filed an answer and response to the affirmative claim to the insurance proceeds of defendants Jessica Baker and the Estate of Frank Baker Jr. ECF No. 9.

Plaintiff Jackson filed an answer and affirmative defense to the affirmative claim to the insurance proceeds of defendants Jessica Baker and the Estate of Frank Baker Jr. ECF No. 10.

Plaintiff Jackson then filed a motion for interpleader deposit (ECF No. 16) with supporting memorandum of law (ECF No. 16-1) pursuant to 28 U.S.C. § 1335(a)(2) and Rule 67 of the Federal Rules of Civil Procedure, moving this Court as follows: (1) to require and directing defendants to interplead and resolve among themselves, and without further involvement by Jackson, any claim or right which they may have or wish to assert to recover the subject life insurance proceeds which are now due and payable; (2) to permit and direct Jackson to deposit with the Registry of the Court such interpleader funds that are the subject of this dispute; (3) to award Jackson its reasonable costs and fees in instituting and perfecting its interpleader claim; (4) to dismiss Jackson from this lawsuit with prejudice and discharge Jackson from any and all liability in connection with, arising out of, or relating to the funds discussed in this civil action, the subject life insurance proceeds, or the subject life insurance policy, upon Jackson's deposit of the interpleader funds into the Court's Registry; and

(5) to enter permanent injunctive relief enjoining the initiation or prosecution of any further proceedings against Jackson regarding the insurance proceeds or the life insurance policy that is the subject of this action.

Defendant Patricia A. Baker then filed a response in opposition (ECF No. 17) to plaintiff's motion arguing that interpleader is available and can only be asserted in limited and narrow circumstances as Federal Rule of Civil Procedure 22 requires that the plaintiff is or may be exposed to double or multiple liability. Defendant asserts that Jackson does not and cannot have a good faith belief that it would have to pay two or more parties for one claim. ECF No. 17 at 4.

Defendant Jessica E. Baker, Individually and as Administratrix of the Estate of Frank J. Baker, Jr., filed a memorandum of law in opposition to plaintiff's motion to deposit interpleader funds into the registry of the court, for discharge, and for additional interpleader relief. ECF No. 18. Defendant Jessica E. Baker states that she "does not oppose the relief sought by Plaintiff except to the extent that Plaintiff has not made a valid showing of its reasonable attorneys' fees. Accordingly, defendant Jessica E. Baker opposes Plaintiff's entitlement to any attorneys' fees until it does so." ECF No. 18 at 1.

Plaintiff Jackson then filed its reply (ECF No. 19) to defendant Patricia A. Baker's response (ECF No. 17), stating that "Defendant Patricia A. Baker is impermissibly seeking to have the

5

Court, at this preliminary stage, analyze the merits of the two completing claims in order to determine whether interpleader was proper in the first place. An analysis and determination of the merits of the underlying controversy is inappropriate at the first stage of an interpleader action" (ECF No. 19 at 4). Plaintiff asserts that the merits of the competing claims should not be considered until after Jackson deposits the insurance policy proceeds with the Court. Jackson further states that this interpleader action is appropriate given the competing assertions made by the defendants, and that Jackson is also entitled to attorneys' fees. ECF No. 19 at 5. Jackson states, "[a]s the pleadings filed in this action conclusively establish, Jackson was faced with the classic interpleader scenario in which multiple parties asserted competing claims against policy proceeds. Jackson had a real and reasonable fear of multiple liability and took the only option available, which was to interplead the funds and ask that the competing parties prove to the Court which is entitled to the funds. Jackson's conduct was not only appropriate, but necessary." ECF No. 19 at 8.

Plaintiff Jackson then filed its reply (ECF No. 20) to defendant Jessica Baker's response (ECF No. 18), stating that "[d]efendant does not oppose Jackson's request for interpleader relief; Jackson's request for permanent injunctive relief; Jackson's request to deposit the Insurance Proceeds (less Jackson's reasonable attorney's fees and costs) into the Court Registry; or

Jackson's discharge, with prejudice, from this lawsuit." ECF No. 20 at 1. Additionally, defendant Jessica Baker "does not contest Plaintiff's entitlement to reasonable attorneys' fees". ECF No. 20 at 1. Rather, defendant contests the amount sought to be charged. ECF No. 20 at 1-2.

Defendant Patricia A. Baker then filed her reply (ECF No. 21) responding to plaintiff's request for attorneys' fees. Defendant Patricia A. Baker cites an opinion by Judge Irene M. Keeley in which she denied attorneys' fees in a similar interpleader action. Lincoln National Life Ins. Co. v. Chico Girls, II, LLC, 2017 U.S. Dist. LEXIS 65119 (N.D. W. Va. 2017) (2017 WL 1591886 ). ECF No. 21 at 2.

In her response in opposition to plaintiff's motion to deposit interpleader funds and for additional relief, defendant Patricia A. Baker also objects to plaintiff's motion to enjoin other litigation against Jackson. Patricia A. Baker asserts only that she "may have additional claims against plaintiff, Jackson National Life Insurance Company, for its failure to abide by the insurance contract, as contemplated by Hayseeds, Inc. v. State Farm Fire & Casualty, 352 S.E.2d 73 (W. Va. 1986) (extra-contractual claims)." ECF No. 17 at 9. However, this defendant presents no further evidence as to the viability of such claims, only that such claims are possible. There is no evidence provided that any such claims are pending in any other state or federal court. Therefore, this defendant's possible claims cannot serve as a bar to any injunctive

7

relief sought by Jackson which deal with a specific fund, the insurance policy proceeds, being deposited in this Court's registry.

For the reasons set forth below, the plaintiff's motion to deposit interpleader funds into the registry of the Court, for discharge, and for additional interpleader relief (ECF No. 16) is granted in part. The Court directs the plaintiff to deposit the insurance proceeds and applicable interest into the court registry. The Court denies plaintiff's request for attorneys' fees and enjoins the above named defendants from instituting any further action against above named plaintiff dealing with the insurance policy fund deposited in the court's registry. Accordingly, the Court dismisses the plaintiff from this action with prejudice. The plaintiff is discharged and released from any liability regarding the interpleader fund in this civil action, particularly from the risk of double or multiple liability with regard to these insurance policy proceeds.

## II. Applicable Law

Federal Rule of Civil Procedure 22(a)(1) provides that "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." The core purpose of interpleader "is to prevent a stakeholder from having to pay two or more parties for one claim." Republic of Philippines v. Pimentel, 553 U.S. 851, 872 (2008).

Title 28, United States Code, Section 1335 grants original jurisdiction to the district courts over interpleader actions and sets forth certain requirements to maintain interpleader actions. Section 1335 provides:

> (a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, associations, or society having in his or its custody or possession money or property of value of $500 or more, or having issued a note, bond, certification, policy of insurance, or other instrument of value or amount of $500 or more, or providing for the delivery or payment or the loan of money or property of such amount or value, or being under any obligation written or unwritten to the amount of $500 or more, if
>
> > (1) Two or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title, are claiming or may claim to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation; and if
> >
> > (2) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy.

28 U.S.C. § 1335(a).

"An action commenced under section 1335 typically involves two steps: during the first, the district court determines whether the requirements of the statute have been met and whether the

9

stakeholder may be relieved from liability; during the second, it actually adjudicates the defendants' adverse claims to the interpleaded fund." NYLife Distrib., Inc. v. Adherence Group, Inc., 72 F.3d 371, 375 (3d Cir. 1995).

In any civil action of interpleader or in the nature of interpleader under section 1335, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court. 28 U.S.C. § 2361.

### III. Discussion

The jurisdictional requirements for § 1335 interpleader have been met in this case. Furthermore, a plaintiff company need not "wait until persons asserting claims against its insured have reduced those claims to judgment before seeking to invoke the benefits of federal interpleader." State Farm Fire & Cas. Co. v. Tashire, 386 U.S. 523, 532 (1967).

This Court finds, after review of the pleadings in this matter, that Jackson is entitled to interpleader here, and that the defendants have asserted separate claims to the life insurance policy proceeds. This is clearly a case of competing claims to the same insurance policy proceeds held by Jackson as a disinterested third party. The defendants in this action have asserted independent, adverse claims to the life insurance policy proceeds,

thereby exposing Jackson to the possibility of multiple liability and/or multiple suits. This Court finds that an order for interpleader is appropriate in this case. Fed. R. Civ. P. 22(a)(1). This Court finds that the defendants should interplead and resolve any claims they wish to assert to the specific life insurance policy proceeds or fund described in the interpleader motion.

This Court finds that Jackson shall deposit the insurance proceeds of the subject life insurance policy at issue, along with accrued interest, into the court registry. The payment into the court discharges the insurance company of further liability as to those proceeds. <u>Davis v. Mathews</u>, 361 F.2d 899, 901 (4th Cir. 1966). After depositing the funds into the registry, Jackson will be dismissed from this civil action.

However, this Court finds that Jackson is not entitled to "reasonable attorney's fees for instituting its interpleader action to resolve the potentially competing claims to the interpleaded insurance policy funds in one, as opposed to multiple, litigations" as requested. ECF No. 16-1 at 7. This Court finds that this interpleader action is of the type that typically arises in the ordinary course of business of a life insurance company. <u>See also Lincoln Nat'l Life Ins. Co. v. Chico Girls II, LLC</u>, No. 1:16CV214, 2017 WL 1591886 (N.D. W. Va. Apr. 28, 2017). This Court finds no factors which would give rise to the award of attorneys' fees and costs in the instant action. As Jackson states, this is "the

11

classic interpleader scenario". ECF No. 19 at 8. An award of attorneys' fees and costs would consequently reduce the amount of policy proceeds which Jackson is already required to distribute. ECF No. 16-1 at 3. This Court finds that a reduction of the policy amount by awarding attorneys' fees and costs would not be fair and equitable in this case. The action at hand is straightforward and limited. See also Lincoln Nat. Life Ins. Co. v. Simpkins, No. CIV.A.2:08-1188, 2009 WL 2996603 (S.D. W. Va. Sept. 11, 2009). Consequently, the Court denies Jackson's request for attorneys' fees and costs.

IV. Conclusion

For the above-stated reasons, the plaintiff's motion to deposit interpleader funds into the registry of the Court, for discharge, and for additional interpleader relief (ECF No. 16) is GRANTED IN PART. The Court hereby DIRECTS and ORDERS the plaintiff to deposit $250,000.00, the insurance proceeds of the subject policy (No. V1P0010003), along with $32.80 in return of premium, plus accrued interest through date of deposit, into the court registry. The plaintiff is DIRECTED to present the funds in the form of a cashier's or certified check made payable to "Clerk, United States District Court." The Court DENIES plaintiff's request for attorneys' fees and costs in this action. The Court ENJOINS the above named defendants from instituting any further action against above named plaintiff in this action as to the funds being deposited in the Court's registry. Accordingly, the Court

DISMISSES the plaintiff from this action WITH PREJUDICE. The plaintiff is DISCHARGED and RELEASED from any liability in connection with the life insurance policy at issue, particularly from the risk of double or multiple liability with regard to these insurance proceeds or any claim of entitlement to these proceeds with the exception of the judgment granted to the Estate of Frank J. Baker, Jr.

Pursuant to Federal Rule of Civil Procedure 67, the Clerk is DIRECTED to deposit the funds into the Court's Interest Bearing-Registry Account and invested in the Court Registry Investment System. The money deposited may be withdrawn upon further order of this Court. The Clerk is DIRECTED to enter judgment for the plaintiff Jackson National Life Insurance Company on its interpleader motion pursuant to Federal Rule of Civil Procedure 54(b), this Court determining that there is no just reason for delay. By separate order, this Court will set a date for a status and scheduling conference to establish a briefing schedule for the determination of the remaining issues in this civil action.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to Evelyn Howell, Financial Administrator.

DATED: October 4, 2017

                /s/ Frederick P. Stamp, Jr.
                FREDERICK P. STAMP, JR.
                UNITED STATES DISTRICT JUDGE