IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


JACKSON NATIONAL LIFE
INSURANCE COMPANY,

        Plaintiff,

v.                                    Civil Action No. 5:17CV78
                                                       (STAMP)
PATRICIA A. BAKER and
JESSICA E. BAKER, Individually
and as Administratrix of the
ESTATE OF FRANK J. BAKER, JR.,

        Defendants.


           **MEMORANDUM OPINION AND ORDER
          GRANTING DEFENDANT JESSICA E. BAKER'S
               MOTION FOR SUMMARY JUDGMENT AND
            DENYING DEFENDANT PATRICIA A. BAKER'S
               MOTION FOR SUMMARY JUDGMENT AND
                  DIRECTING PAYMENT OF FUNDS**

                    I.   Background

     This civil action concerns the entitlement to life insurance policy proceeds payable as a result of the death of Frank J. Baker, Jr. (the "Decedent"). The plaintiff, Jackson National Life Insurance Company ("Jackson"), originally filed this complaint for interpleader (ECF No. 1) pursuant to 28 U.S.C. § 1335 and Rule 22 of the Federal Rules of Civil Procedure seeking to have defendants, through the appointed Administratrix, Jessica E. Baker, interplead their claims to the proceeds due under a certain life insurance policy (hereinafter, the "policy") held by Jackson in the amount of $250,000.00 (and $32.80 in return of premium), and under which the Decedent, Frank J. Baker, Jr., was the insured.

This Court, by previous order (ECF Nos. 22, 24) granted plaintiff's motion for interpleader deposit (ECF No. 16) and directed payment of funds, including the insurance proceeds, return of premium, and applicable interest, into the Court Registry and enjoined the above-named defendants from instituting any further action against the above-named plaintiff dealing with the insurance policy fund deposited in the Court's Registry. See ECF No. 25. Accordingly, the Court dismissed the plaintiff from this action with prejudice.

On October 10, 2017, the defendants, Patricia A. Baker and Jessica E. Baker, Individually and as Administratrix of the Estate of Frank J. Baker, Jr., appeared by counsel at a status and scheduling conference to establish a briefing schedule for the determination of the remaining issues in this civil action. At the status and scheduling conference, the parties agreed that this matter could be resolved with limited discovery and dispositive motions, without the need for a trial. See ECF No. 27. The defendants then filed cross-motions for summary judgment which have been fully briefed and are now ripe for disposition. ECF Nos. 34, 35. Both parties filed responses and replies to the respective motions for summary judgment. The cross-motions for summary judgment will be discussed, in turn, below.

## II. Applicable Law

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate if "the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)).

However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial — whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979) (Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application

3

of the law." (citing <u>Stevens v. Howard D. Johnson Co.</u>, 181 F.2d 390, 394 (4th Cir. 1950))).

In <u>Celotex</u>, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex</u>, 477 U.S. at 322. Summary judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery. <u>See</u> <u>Oksanen v. Page Mem'l Hosp.</u>, 912 F.2d 73, 78 (4th Cir. 1990), <u>cert. denied</u>, 502 U.S. 1074 (1992). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. <u>See</u> <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

### III. <u>Discussion</u>

Upon the death of Frank J. Baker, Jr., in 2017, his ex-wife, defendant Patricia A. Baker, and his daughter and only child, defendant Jessica E. Baker, made competing claims to the proceeds of the Decedent's Valley Forge Life Insurance Company (now Jackson National Life Insurance Company) Policy No. VI0010003.

Defendant Patricia A. Baker filed a motion for summary judgment (ECF No. 34) asserting that, as a matter of law, Patricia A. Baker is the sole person entitled to the life insurance proceeds previously deposited with the Court by the plaintiff, Jackson

National Life Insurance Company, as the named primary beneficiary of the subject life insurance policy. Patricia A. Baker argues that she is the only person entitled to the subject life insurance proceeds pursuant to the unambiguous life insurance policy contract terms and that the Court has no obligation to look at anything outside of the insurance contract language. Patricia A. Baker asserts that the language within the property settlement agreement ("PSA") arising out of the divorce of Patricia A. Baker and Frank J. Baker, Jr., did not waive any beneficiary interest, but allowed Frank J. Baker, Jr., to change his beneficiary if he so desired, which he did not do and, therefore, Patricia A. Baker remained the named and designated primary beneficiary. Patricia A. Baker submits that she "may have released and relinquished an ownership right to 'any life insurance policies which the Husband presently has on his life,' being the right to any cash surrender value and the right to control the designation of beneficiaries, but asserts that she did not release and relinquish any beneficiary interest in and to the 'proceeds' of the policy as a named beneficiary." ECF No. 34 at 10. Patricia A. Bakers states "[h]ere, there was a contract for life insurance and the policy provisions specifically and clearly provide that the designated beneficiary and payee, namely, Patricia A. Baker, is solely entitled to the proceeds" and that the "Property Settlement Agreement does not change the outcome." ECF No. 34 at 12.

Defendant Jessica E. Baker filed a response in opposition (ECF No. 36) and states that the terms of the policy are irrelevant as to whether defendant Patricia A. Baker released and relinquished her right to the policy and the proceeds thereof in a validly executed, enforceable, and subsequent writing. Jessica E. Baker submits that "it is beyond argument that the Policy expressly and unequivocally states that the Policy's proceeds will be paid to the named beneficiary and how the owner of the Policy may effect a change of beneficiary" and that "[i]t is also beyond doubt that the Policy's named beneficiary was defendant Patricia A. Baker, and a change of beneficiary was not made pursuant to the terms of the Policy." ECF No. 36 at 2. However, Jessica E. Baker argues that "the Decedent and defendant Patricia A. Baker subsequently entered into a valid and enforceable PSA wherein defendant Patricia A. Baker released and relinquished her right to the Policy and the proceeds thereof." ECF No. 36 at 2. Defendant Jessica E. Baker asserts that defendant Patricia A. Baker released and relinquished her right to the policy's proceeds by the clear and unambiguous language and terms of the PSA and disclaimed any interest in the policy's proceeds.

Patricia A. Baker filed a reply (ECF No. 38) and states that Frank J. Baker, Jr.'s decision to keep Patricia A. Baker as his beneficiary was intentional, not inadvertent, as evidenced by the fact that he had over three years from the divorce to change the beneficiary if he wanted to do so and elected not to do so.

Defendant Jessica E. Baker filed a motion for summary judgment (ECF No. 35) and argues that by the clear and unambiguous terms of the PSA, defendant Patricia A. Baker released and relinquished her rights to the life insurance policy of Frank J. Baker, Jr. at the time of signing, and the fact that the Decedent never re-designated the beneficiary of the policy is irrelevant. Jessica E. Baker asserts that "[t]he weight of competent authority supports the proposition that a divorced spouse cannot claim as a beneficiary under a life insurance policy that they specifically released and/or relinquished under a property settlement agreement." ECF No. 35-1 at 6. Jessica E. Baker argues that defendant Patricia A. Baker released and relinquished her right to the policy's proceeds by the clear and unambiguous terms of the PSA. Defendant Jessica E. Baker asserts that the Estate of Frank J. Baker, Jr. is entitled to 100% of the policy's proceeds. ECF No. 35-1 at 15.

Defendant Patricia A. Baker filed a response in opposition (ECF No. 37) and argues that contrary to Jessica E. Baker's position, the clear and unambiguous terms of the PSA reflect that Patricia A. Baker did not release or relinquish an interest as a potential beneficiary or "beneficiary interest," and therefore Patricia A. Baker is entitled to the subject life insurance proceeds as a result of being the named beneficiary, as a matter of law. ECF No. 37 at 2. Patricia A. Baker states that while she may have waived her ownership "right" to the policy, she did not waive or release any interest as a potential beneficiary. Id.

Defendant Jessica E. Baker filed a reply (ECF No. 39) and states that the West Virginia Supreme Court in <u>Graham v. Graham</u>, 195 W. Va. 343, 465 S.E.2d 64 (1995), explicitly held that expectancies are marital property rights and thus defendant Patricia A. Baker released and relinquished the beneficiary/expectancy right to the policy in the PSA, and that prevailing law - most importantly, <u>O'Brien v. Elder</u>, 250 F.2d 275 (5th Cir. 1957) - holds that no such explicit reference to expectancy rights is required. ECF No. 39 at 1.

## IV. <u>Analysis</u>

As an initial matter, this Court notes that it is not disputed that the policy at issue (ECF No. 8-1) expressly states that the policy's proceeds will be paid to the named beneficiary and further states how the owner of the policy may effect a change of beneficiary. <u>See</u> ECF No. 36 at 2. It is also undisputed that prior to the divorce, the policy's named beneficiary was defendant Patricia A. Baker, and a change of beneficiary was not made pursuant to the terms of the policy prior to the death of the Decedent, Frank J. Baker, Jr. <u>Id.</u> Notably, the Decedent further designated Jessica E. Baker and Beth A. Salatino as "50/50%" contingent beneficiaries of the policy.[1]

However, subsequent to said designations, the Decedent filed for divorce against defendant Patricia A. Baker citing

---

[1]This Court notes that "Beth A. Salatino died in or around November 2015." ECF No. 35-1 at 5.

irreconcilable differences.  See ECF Nos. 35-2, 35-3.  As part of the divorce action's settlement, the Decedent, Frank J. Baker, Jr., and defendant Patricia A. Baker, entered into a property settlement agreement.  ECF No. 8-2.  By final divorce order, entered September 3, 2013, the Decedent's and defendant Patricia A. Baker's divorce was finalized.  See ECF 35-3.  The PSA was "approved, ratified, confirmed, incorporated, and made a part of the [Final Divorce Order] as if fully set forth [t]herein."  Id.  Frank J. Baker, Jr., died intestate on January 17, 2017.  See ECF No. 35-4.

The parties, however, do dispute the impact of the property settlement agreement (ECF No. 8-2) on the distribution of the proceeds of the Decedent's life insurance policy.  In answering the issue presented to this Court, the Court must analyze the PSA.  The PSA is a five-page document, dated July 29, 2013, entered into by and between Frank J. Baker, Jr. and Patricia A. Baker.  ECF No. 8-2.

This Court notes that the issue of admissibility of written or parole evidence to prove the terms of an agreement of the parties requires an initial, substantive determination by the Court of what constitutes the final and integrated agreement of the parties. Burroughs Corp. v. Weston Int'l Corp., 577 F.2d 137, 140 (4th Cir. 1978).  In reviewing the PSA, this Court finds that the agreement is clear and unambiguous, and is a final comprehensive agreement between the parties.  Accordingly, this Court does not consider the extraneous equitable arguments of the parties or extrinsic evidence

that is irrelevant in light of the clear and unambiguous nature of the PSA.

The ultimate issue in this case is a question of law to be decided by the Court, and when construing the contract language used by the parties in the PSA, this Court is limited to the four corners of the agreement. The meaning of a settlement agreement incorporated into a divorce decree should be determined according to the usual rules governing the construction of contracts and if the contract is clear and unambiguous, the Court will look to it and it alone to determine the intention of the parties. "[S]eparation agreements and property settlements made in good faith are construed and interpreted as contracts." Estate of Altobelli v. Int'l Business Machines Corp., 849 F. Supp. 1079, 1082 (D. Md. 1994). Under West Virginia contract law, when interpreting the terms of a contract, a court must first look to the four corners of the contract itself, and give all terms contained therein their normal and natural meaning. See Syl. pt. 4, Zimmerer v. Romano, 679 S.E.2d 601, 604 (W. Va. 2009); Fraternal Order of Police v. City of Fairmont, 468 S.E.2d 712, 716 (W. Va. 1996). In determining the meaning of the terms of a contract, the court must also consider the instrument as a whole. See Syl. pt. 1, Maddy v. Maddy, 105 S.E. 803 (W. Va. 1921). Further, it is a fundamental rule of contract interpretation that courts must give effect to every clause and term "rather than leave a portion of the contract meaningless or reduced to mere surplusage." Goodman v. Resolution

Trust Corp., 7 F.3d 1123, 1127 (4th Cir. 1993). When the court finds that the contractual language is plain and unambiguous on its face, it is charged with simply applying that language, rather than construing it. Cabot Oil & Gas Corp. v. Huffman, 705 S.E.2d 806, 814 (W. Va. 2010). Accordingly, when a contract is determined to be plain and unambiguous, no extrinsic evidence may be offered or considered to alter or define the terms therein. Cabot Oil & Gas Corp., 227 W. Va. at 118 (internal citations omitted).

In reviewing the property settlement agreement at issue, this Court finds that the document is a comprehensive and unambiguous agreement between the Decedent, Frank J. Baker, Jr., and the defendant, Patricia A. Baker, and covers "all matters concerning their respective separate and marital property rights, and all other considerations relative to the rights of the parties arising out of their marriage" that "[t]he parties desire to settle by agreement." ECF No. 8-2 at 1. The contract recites that it was entered into in contemplation of a divorce between the parties was intended to be the final property settlement between the parties and be incorporated into the final divorce decree. The completeness of its provisions demonstrates the intention to effect a complete settlement as well as a final one. The PSA expressly covers the material topics of alimony, personal property, business property, bank accounts, life insurance, retirement plans, health insurance, real estate, debts, income tax returns, legal representation, and releases, as well as miscellaneous details

regarding the requirements necessary "to effectuate the objects and purposes of [the agreement]." ECF No. 8-2.

This Court specifically notes the following provisions of the property settlement agreement:

> 5. <u>Life Insurance</u>.
>
> (a) Husband hereby releases and relinquishes any and all right to any life insurance policies which the Wife presently has on her life and Wife may change the beneficiary.
>
> (b) Wife hereby releases and relinquishes any and all right to any life insurance policies which the Husband presently has on his life and Husband may change the beneficiary.

ECF No. 8-2 at 2.

\* \* \*

> 12. <u>Releases</u>.
>
> (a) Husband hereby releases, relinquishes, grants, and forever quitclaims unto Wife all of his right of dower, right of distribution, be it equitable, economic or otherwise, and all other right, whether at common law, inequity, or by statute, which he now has or may hereafter have by reason of being her husband, out of any and all estate, real or personal, which she now has or may hereafter acquire.
>
> (b) Wife hereby releases, relinquishes, grants, and forever quitclaims unto Husband all of her right of dower, right of distribution, be it equitable, economic or otherwise, and all other right, whether at common law, inequity, or by statute, which she now has or may hereafter have by reason of being his wife, out of any and all estate, real or personal, which he now has or may hereafter acquire.

ECF No. 8-2 at 4.

* * *

    13.  <u>Miscellaneous</u>.

(a) Husband and Wife covenant and agree to execute, acknowledge, and deliver any and all papers, documents, instruments and writing that may be reasonably required to effectuate the objects and purposes of this Agreement.

ECF No. 8-2 at 4.

The language of the property settlement agreement and these particular paragraphs evidence the all-encompassing nature of the PSA, and this Court finds that the PSA was clearly and unambiguously intended to be a global and comprehensive settlement of the Decedent's and defendant Patricia A. Baker's property. This Court finds that, by the terms of the PSA, defendant Patricia A. Baker explicitly released and relinquished, in addition to other property, "any and all right to any life insurance policies" held by the Decedent and that such language plainly indicates the intent of the parties to eliminate her interest in the life insurance policy proceeds. ECF No. 8-2 at 2.

Defendant Patricia A. Baker asserts that she merely released and relinquished her "right" to the policy and did not release and relinquish any beneficiary right to the proceeds thereof, and also asserts that West Virginia law does not provide for automatic revocation of a divorced spouse's non-probate assets. However, the Supreme Court of West Virginia has expressly stated that "given the broad legislative definition of marital property, several types of expectancies, or near expectancies, with little or no present value, are marital property for equitable distribution purposes."

13

Graham v. Graham, 195 W. Va. 343, 345–46, 465 S.E.2d 614, 616–17 (1995). Further, while it is generally true that divorce alone does not automatically divest the wife of the proceeds of life insurance in which she is the named beneficiary, the "beneficiary's interest may be terminated, however, by an agreement between the parties which may reasonably be construed as a relinquishment of the spouse's rights to the insurance." 44A Am. Jur. 2d Insurance § 1687; O'Brien v. Elder, 250 F.2d 275, 278 (5th Cir. 1957). Pursuant to O'Brien, and as a result of the PSA, this Court finds that the defendant Patricia A. Baker released and relinquished her right to the Decedent's life insurance policy which necessarily included any expectancy right to the policy's proceeds.

This Court finds, after review of the parties' fully briefed cross-motions for summary judgment and the exhibits attached thereto, that defendant Jessica E. Baker and the Estate of Frank J. Baker, Jr., are entitled to the policy's proceeds currently deposited with the Court.

## V. Conclusion

For the reasons set forth above, defendant Jessica E. Baker's motion for summary judgment (ECF No. 35) is GRANTED and defendant Patricia A. Baker's motion for summary judgment (ECF No. 34) is DENIED.

Further, the Clerk shall DISTRIBUTE $250,000.00 along with $32.80 in return of premium and any applicable interest prior to deposit into the Court's Registry, this being the full amount of

14

the proceeds of the subject insurance policy now deposited with the Clerk of this Court, to defendant Jessica E. Baker and the Estate of Frank J. Baker, Jr., and to counsel for the defendant, Christian E. Turak, along with any interest accrued on the total amount of the funds while with the Clerk of Court.[2]

It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to Evelyn Howell, Financial Administrator, United States District Court for the Northern District of West Virginia. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:  September 7, 2018

                                         /s/ Frederick P. Stamp, Jr.
                                         FREDERICK P. STAMP, JR.
                                         UNITED STATES DISTRICT JUDGE

---

[2] The Court has directed the Clerk to distribute the funds in the manner requested by the defendant Jessica E. Baker in her motion for summary judgment.